UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTO A. VENTURA MACHIC, | CASE NO. C13-0169-RSM-MAT |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention and bond. (Dkt. No. 4.) Respondent has moved to dismiss, arguing that petitioner's habeas petition is moot because an Immigration Judge already granted petition release from custody under bond of $25,000, following a custody redetermination hearing. (Dkt. No. 11.)

For the following reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED, respondent's motion to dismiss be GRANTED, and this case be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States on or about April 25, 1994, without inspection, admission, or parole by an immigration officer. (Administrative Record ("AR") R952.) On July 17, 1996, he was placed in removal proceedings. (AR L49-53.) On October 20, 1997, an Immigration Judge ("IJ") granted petitioner voluntary departure in lieu of deportation until April 20, 1998, with an alternate order of deportation to Guatemala. (AR L130-31.) Petitioner failed to depart the United States as required and the voluntary departure order converted to an order of deportation. (AR L156.)

On December 10, 2010, Immigration and Customs Enforcement ("ICE") encountered petitioner at the Washington County Jail in Hillsboro, Oregon. (AR L155-58.) ICE issued a Notice of Intent/Decision to Reinstate Prior Order, and placed an immigration detainer with the Washington County Jail so that petitioner could be transferred to ICE custody upon his release from incarceration. (AR L3, L167, R454-56.)

On January 10, 2011, petitioner was transferred to ICE custody and served with the Notice of Intent/Decision to Reinstate Prior Order. (AR L3.) Petitioner was subsequently referred to an IJ for withholding only proceedings after he expressed a reasonable fear of returning to Guatemala. (AR L3-21.) On February 7, 2012, an IJ denied petitioner's application for withholding of removal and for relief under the Convention against Torture. (AR R634-50.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on June 21, 2012. (AR R700-01.) Petitioner filed a petition for review of the BIA's decision and motion for stay with the Ninth Circuit Court of Appeals, which triggered a temporary stay of removal. *Ventura-Machic v. Holder*, No.

12-74119, Dkt. No. 1 (9th Cir. December 18, 2012). While his petition for review was pending, petitioner filed the instant habeas petition, challenging the lawfulness of his continued detention. (Dkt. No. 4.)

On April 23, 2013, the Ninth Circuit denied petitioner's motion for stay of removal, lifting the temporary stay of removal. *Ventura-Machic*, No. 12-74119, Dkt. No. 9. Petitioner's petition for review remains pending in the Ninth Circuit.

### III.  DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom detention is mandatory. *See id*.

Once removal proceedings have been completed, the detention and release of aliens shifts to 8 U.S.C. § 1231. Section 1231 states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. After this six-month period, the alien is

eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The determination of when an alien becomes subject to detention under Section 1231 rather than Section 1226 is governed by Section 1231(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The Ninth Circuit has determined that aliens detained pending direct review of a final order of removal that has been stayed are entitled to an individualized bond hearing before an Immigration Judge and are entitled to release unless the government proves by clear and convincing evidence that an alien is a flight risk or a danger to the community. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).

"The statutory scheme governing the detention of aliens in removal proceedings is not static; rather, the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review." *Casas-Castrillon*, 535 F3d at 945. As the Ninth Circuit notes, "[t]his makes the task of determining where an alien falls within this scheme particularly difficult for a reviewing court, because the Attorney General's authority over the alien can present a moving target." *Id.* at 946.

On April 23, 2013, while this matter was pending, the Ninth Circuit denied petitioner's

REPORT AND RECOMMENDATION
PAGE -4

motion for stay of removal, thereby commencing the removal period.  8 U.S.C. § 1231(a)(1)(B)(ii).  Accordingly, petitioner's detention is required.  8 U.S.C. § 1231(a)(2).  The 90-day removal period will expire on or about July 23, 2013, and the six-month presumptively reasonable period will expire on or about October 23, 2013.  Petitioner's detention is therefore lawful and the court must deny habeas relief.  *See Zadvydas*, 533 U.S. at 701.  Should petitioner's detention continue past the six-month presumptively reasonable period, he may re-file his habeas petition and obtain review.  At that time, however, petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus (Dkt. No. 4) be DENIED, respondent's motion to dismiss (Dkt. No. 8) be GRANTED, and this matter be DISMISSED with prejudice.

DATED this <u>10th</u> day of June, 2013.

Mary Alice Theiler
United States Magistrate Judge